UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CR161 HEA |
| | ) | |
| DEANDRE THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's "Motion Requesting Reduction of Sentence Pursuant to § 5G1.3(b), [Doc. No. 76]. For the reasons set forth below, the motion is denied.

Defendant asks the Court to reduce his sentence under Section 5G1.3(b) of the Sentencing Guidelines. Defendant argues as follows: On July 25, 2003, he was charged by federal authorities with possession of a stolen firearm. During that time, Defendant was serving a period of parole pursuant to a state conviction for assault. Following his arrest by federal authorities, the state authorities, based on the arrest, filed a detainer against Defendant and subsequently revoked his state parole. The federal authorities dismissed the charges without prejudice on August 21, 2003.

Defendant continued to be held in the custody of the state authorities until the expiration of his sentence on April 25, 2006. Prior to the expiration, Defendant was again charged with possession of a stolen firearm, to which he plead guilty on August 6, 2006. The Bureau of Prisons credited Defendant's sentence with 274 days, starting from the date the state sentence expired on April 25, 2006. Defendant contends that he should be credited for the entire time he was in state custody.

Defendant's argument is without merit. Under 5G1.3(b), the Court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense. Defendant was serving state time for violating the terms of his parole. The federal offense to which he plead guilty was possession of a stolen firearm. Thus, the state confinement was not exclusively the product of the action taken by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion Requesting Reduction of Sentence Pursuant to § 5G1.3(b), [Doc. No. 76], is denied.

Dated this 31st day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE